**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**

| | |
|---|---|
| PHILIP CHARVAT, individually and on behalf of a class of all persons and entities similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>LE ENERGY, LLC d/b/a UTILITY GAS & POWER,<br><br>        Defendant.<br>_____ / | Case No. 2:19-cv-1325<br><br><br>FIRST AMENDED CLASS ACTION COMPLAINT |

**FIRST AMENDED CLASS ACTION COMPLAINT**

**Preliminary Statement**

1.      Plaintiff Philip Charvat ("Mr. Charvat") ("Plaintiff") brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2.      LE Energy, LLC ("LE Energy") made a pre-recorded telemarketing call to Mr. Charvat's residential telephone number, which is prohibited by the TCPA.

3.      The Plaintiff never consented to receive the call, which was placed to him for telemarketing purposes. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, the Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

4.      A class action is the best means of obtaining redress for the Defendant's wide

scale illegal telemarketing and is consistent both with the private right of action afforded by the

TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

5.      Plaintiff Philip Charvat is a resident of the state of Ohio in this district.

6.      Defendant LE Energy, LLC is a foreign limited liability company with its

principal place of business in Opelika, Alabama.  The Defendant is registered to do business in

this state and has a Registered Agent of CT Corporation, 4400 Easton Commons Way, Suite 125

in Columbus, Ohio 43219.  Defendant engages in telemarketing into the states in which it is

licensed to provide energy, including into this district, as it did with the Plaintiff.

## Jurisdiction & Venue

7.      The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the

Plaintiff's claims arise under federal law.

8.      LE Energy regularly engages in business in this district, including making

telemarketing calls into this district and soliciting business from this district for its regionalized

energy programs.  Furthermore, LE Energy provides Ohio residents with services in this district.

9.      Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the

events or omissions giving rise to the claim occurred in this district, as the telemarketing calls to

the Plaintiff occurred in this district.

## The Telephone Consumer Protection Act

10.      In 1991, Congress enacted the TCPA to regulate the explosive growth of the

telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing …

can be an intrusive invasion of privacy [.]"  Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The TCPA Prohibits Automated Telemarketing Calls

11.     The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party."  *See* 47 U.S.C. § 227(b)(1)(B).

12.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or pre-recorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

13.     The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used."  *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014, 14115, ¶ 165 (2003).

14.     In 2013, the FCC required prior express written consent for all autodialed or pre-recorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer:  (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 FCC

Rcd. 1830, 1844 (2012) (footnotes omitted).

### The Growing Problem of Automated Telemarketing

15.     "Robocalls and telemarketing calls are currently the number one source of

consumer complaints at the FCC."  Tom Wheeler, *Cutting Off Robocalls* (July 22, 2016),

https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls (statement of FCC

chairman).

16.     "The FTC receives more complaints about unwanted calls than all other

complaints combined."  Staff of the Federal Trade Commission's Bureau of Consumer

Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of

1991*, Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016),

https://www.ftc.gov/system/files/documents/advocacy_documents/commentstaff-ftc-bureau-

consumer-protection-federal-communications-commission-

rulesregulations/160616robocallscomment.pdf.

17.     In fiscal year 2017, the FTC received 4,501,967 complaints about robocalls,

compared with 3,401,614 in 2016.  Federal Trade Commission, *FTC Releases FY 2017 National

Do Not Call Registry Data Book and DNC Mini Site* (Dec. 18, 2017), https://www.ftc.gov/news-

events/press-releases/2017/12/ftc-releases-fy-2017-nationaldo-not-call-registry-data-book-dnc.

18.     *The New York Times* recently reported on the skyrocketing number of robocall

complaints and widespread outrage about illegal telemarketing.  Tara Siegel Bernard, *Yes, It's

Bad. Robocalls, and Their Scams, Are Surging*, N.Y. Times (May 6, 2018),

https://www.nytimes.com/2018/05/06/your-money/robocalls-riseillegal.html; *see also* Katherine

Bindley, *Why Are There So Many Robocalls? Here's What You Can Do About Them*, Wall St. J.

(July 4, 2018), https://www.wsj.com/articles/why-there-are-so-manyrobocalls-heres-what-you-can-do-about-them-1530610203.

20. Even more recently, a technology provider combating robocalls warned that nearly half of all calls to cellphones next year will be fraudulent.  Press Release, First Orion, Nearly 50% of U.S. Mobile Traffic Will Be Scam Calls by 2019 (Sept. 12, 2018), https://www.prnewswire.com/news-releases/nearly-50-of-us-mobile-traffic-will-be-scam-calls-by-2019-300711028.html

**LE Energy's Illegal Telemarketing**

20. LE Energy is an electric generation supplier that attempts to sell their services to residents of Ohio and Michigan.

21. LE Energy uses telemarketing to promote its products.

22. LE Energy's telemarketing efforts include the use of pre-recorded messages to send telemarketing calls.

23. Recipients of these calls, including Plaintiff, did not consent to receive them.

24. The Defendant used this equipment because it allows for thousands of automated calls to be placed at one time, but its telemarketing representatives, who are paid by the hour, only talk to individuals who pick up the telephone or respond to the text contact through a telephone call.

25. Through this method, the Defendant shifts the burden of wasted time to the consumers it calls with unsolicited messages.

**The Call to Mr. Charvat**

26. Plaintiff Charvat is a "person" as defined by 47 U.S.C. § 153(39).

27. Plaintiff's telephone number is (614) 895-XXXX.

28.     LE Energy placed a telemarketing call to Plaintiff's number on February 5, 2019.

29.     A pre-recorded message was then played.

30.     The pre-recorded message stated:

This is an important message.  If you have paid your recent bills on time you can now have a fixed rate to avoid expensive rate increases this season.  Press one to see if you can qualify for the long term savings.  Please press one now.

31.     The company was not identified in the pre-recorded message, so the Plaintiff responded by pressing one to speak with a live individual.

32.     The Plaintiff was able to identify LE Energy, which does business as Utility Gas & Power, by feigning interest in the energy savings telemarketing pitch that was made on the call.

33.     The telemarketing sales representative determined that Plaintiff was a qualified customer.

34.     The telemarketing sales representative then quoted Plaintiff a specific fixed electric rate and told him that his company would be providing and giving him that rate.

35.     The telemarketing sales representative further stated his company was "Utility Gas & Power."

36.     Utility Gas & Power is a registered trade name of LE Energy.

37.     LE Energy tried to sell the Plaintiff its goods and services on the call.

38.     Plaintiff and the other call recipients were harmed by these calls.  They were temporarily deprived of legitimate use of their phones because the phone line was tied up during the telemarketing calls and their privacy was improperly invaded.  Moreover, these calls injured Plaintiff and the other call recipients because they were frustrating, obnoxious, annoying, were a nuisance, and disturbed the solitude of Plaintiff and the class.

**Class Action Statement**

39.     As authorized by Rule 23(b)(2) and/or 23(b)(3) of the Federal Rules of Civil

Procedure, Plaintiff brings this action on behalf of all other persons or entities similarly situated

throughout the United States.

40.     The class of persons Plaintiff proposes to represent includes:

Pre-Recorded Telemarketing Call to Residential Line Class

All persons within the United States: (a) to whom Defendant, and/or a third party
acting on Defendant's behalf, made one or more non-emergency telephone calls;
(b) promoting Defendant's products or services; (c) to a residential telephone
number; (d) using an artificial or prerecorded voice; and (e) at any time in the
period that begins four years before the date of the filing of this Complaint to trial.

41.     Excluded from the class are the Defendant, any entities in which the Defendant

has a controlling interest, the Defendant's agents and employees, any judge to whom this action

is assigned, and any member of the judge's staff and immediate family.

42.     The proposed class members are identifiable through phone records and phone

number databases.

43.     The potential class members number in the thousands, at least.  Individual joinder

of these persons is impracticable.

44.     Plaintiff is a member of the proposed class.

45.     There are questions of law and fact common to Plaintiff and to the proposed class,

including but not limited to the following:

        a.     Whether LE Energy used pre-recorded messages to make the calls at issue;

        b.     Whether LE Energy placed telemarketing calls without obtaining the

               recipients' valid prior express written consent;

      c.      Whether LE Energy's violations of the TCPA were negligent, willful, or

knowing; and

      d.      Whether the Plaintiff and the class members are entitled to statutory

damages because of LE Energy's actions.

46.     Plaintiff's claims are based on the same facts and legal theories as the claims of all class members and, therefore, are typical of the claims of class members, as the Plaintiff and class members all received telephone calls through the same automated telemarketing process.

47.     Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the class, he will fairly and adequately protect the interests of the class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

48.     Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by LE Energy and/or its agents.

49.     The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case, and given the small recoveries available through individual actions.

50.     Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## Legal Claims

### Count One:
### Violations of the TCPA, 47 U.S.C. § 227(b)

51.    Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

52.    The foregoing acts and omissions of LE Energy and/or its affiliates, agents, and/or other persons or entities acting on LE Energy's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, with a pre-recorded message to the residential telephone line of the Plaintiff and to a number for which the party is charged for the call.

53.    As a result of LE Energy's and/or its affiliates, agents, and/or other persons or entities acting on LE Energy's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the class presumptively are entitled to an award of $500 in damages for each and every call made.

54.    Plaintiff and members of the class are also entitled to and do seek injunctive relief prohibiting LE Energy and/or its affiliates, agents, and/or other persons or entities acting on LE Energy's behalf from making calls, except for emergency purposes, to any residential number using an artificial or pre-recorded voice in the future.

55.    The Defendant's violations were negligent, willful, or knowing.

### Relief Sought

For himself and all class members, Plaintiff requests the following relief:

A.    Certification of the proposed class;

B.    Appointment of Plaintiff as representative of the class;

C.    Appointment of the undersigned counsel as counsel for the class;

9

D.      A declaration that Defendant and/or its affiliates, agents, and/or other related

entities' actions complained of herein violate the TCPA;

E.      An order enjoining Defendant and/or its affiliates, agents, and/or other persons or

entities acting on Defendant's behalf from making calls, except for emergency purposes, to any

residential number using an artificial or pre-recorded voice in the future;

F.      An award to Plaintiff and the class of damages, as allowed by law;

G.      Leave to amend this Complaint to conform to the evidence presented at trial; and

H.      Orders granting such other and further relief as the Court deems necessary, just,

and proper.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**


Dated: May 28, 2019                          PLAINTIFF,
                                             By his attorneys

                                             **/s/ Brian K. Murphy**
                                             Brian K. Murphy, Trial Attorney (0070654)
                                             Jonathan P. Misny (0090673)
                                             Murray Murphy Moul + Basil LLP
                                             1114 Dublin Road
                                             Columbus, OH  43215
                                             (614) 488-0400
                                             (614) 488-0401 facsimile
                                             murphy@mmmb.com
                                             misny@mmmb.com

                                             Anthony I. Paronich (admitted *pro hac vice*)
                                             Paronich Law, P.C.
                                             350 Lincoln Street, Suite 2400
                                             Hingham, MA 02043
                                             (508) 221-1510
                                             anthony@paronichlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2019, the foregoing was electronically filed with the

Clerk of Court using the CM/ECF system, which will send notification of such filing to the

following:

Michael J. Zbiegien, Jr.
David J. Butler
Taft Stettinius & Hollister LLP
65 East State Street, Suite 1000
Cincinnati, OH 43215
mzbiegien@taftlaw.com
dbutler@taftlaw.com

/s/ **Brian K. Murphy**
Brian K. Murphy (0070654)