IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**PHILIP CHARVAT,**

      **Plaintiff,**

   v.                                   Civil Action 2:19-cv-1325
                                         Judge George C. Smith
                                         Magistrate Judge Jolson

**LE ENERGY, LLC,**

      **Defendant.**

## SCHEDULING ORDER

Based upon the parties' Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the Court **VACATES** the Pretrial Conference scheduled for June 26, 2019 at 1:30 p.m. and **ADOPTS** the following schedule:

INITIAL DISCLOSURES

The parties shall exchange initial disclosures by July 19, 2019.

VENUE AND JURISDICTION

Defendant has no evidence that either it or anyone affiliated with it made the single telephone call at issue. Defendant also contends that the one call at issue is insufficient to vest the Court with Article III standing, especially in litigation against Defendant. As such, Defendant reserves its right to move to dismiss (or move for summary judgment on) Plaintiff's claims for lack of subject matter jurisdiction. An motion related to venue or jurisdiction shall be filed by the dispositive motion deadline.

PARTIES AND PLEADINGS

Any motion to amend the pleadings or to join additional parties shall be filed by November 29, 2019.

The parties agree that the motion for class certification shall be filed by 7/28/2020. Any opposition to a motion for class certification shall be filed no later than 45 days after the filing of the motion. Any reply in support of a motion for class certification shall be filed no later than 21 days after filing of any opposition.

PENDING MOTIONS

Defendant has filed a Motion to Dismiss the Plaintiff's Amended Complaint (Doc. 13).

ISSUES

Plaintiff's Description:  Plaintiff alleges that Defendant placed a pre-recorded telemarketing call to his residential phone number in violation of the Telephone Consumer Protection Act's (TCPA) provisions.  Plaintiff brings his claim on his own behalf, as well as on the behalf of a proposed class.  Plaintiff has demanded a trial by jury.

Defendant's Description:  Defendant has no record that it or anyone affiliated with it made the single telephone call at issue in Plaintiff's Amended Complaint.  Nor has Plaintiff adequately alleged as much.  Defendant has moved to dismiss Plaintiff's Complaint for this reason.

DISCOVERY PROCEDURES

All discovery shall be completed by July 12, 2020, with the first three months (June 14, 2019 to September 13, 2019) limited to the origin of the call that serves as the basis of Plaintiff's claim.  For purposes of complying with this order, all parties shall schedule their discovery in such a way as to require all responses to discovery to be served prior to the cut-off date, and shall file any motions relating to discovery within the discovery period unless it is impossible or impractical to do so.  If the parties are unable to reach an agreement on any matter related to discovery, they are directed to arrange a conference with the Court.

The parties will agree to an ESI protocol, if necessary, once discovery requests are issued.

Any proposed protective order or clawback agreement shall be filed with the Court by July 12, 2019.  A Word version of the proposed protective order should be sent to jolson_chambers@ohsd.uscourts.gov, and any provision related to sealing must comply with S.D. Ohio Civ. R. 5.2.1.

DISPOSITIVE MOTIONS

Any dispositive motions shall be filed by sixty (60) days following a ruling on a motion for certification, or within thirty (30) days after notice is effected and the opt-out period expires, whichever is later.  To the extent the court denies Defendant's motion to dismiss, Defendant anticipates asking the court to permit it to file an early summary judgment limited to the argument that Defendant is not liable for the single telephone call underlying Plaintiff's Complaint.

EXPERT TESTIMONY

Primary expert reports must be produced by April 28, 2020.  Rebuttal expert reports must be produced by June 12, 2020.  If the expert is specifically retained, the reports must conform to Fed. R. Civ. P. 26(a)(2)(B), unless otherwise agreed to by the parties.  If the expert is not specifically retained, the reports must conform to Fed. R. Civ. P. 26(a)(2)(C), unless otherwise agreed to by

the parties. Pursuant to Fed. R. Civ. P. 26(b)(4)(A), leave of court is not required to depose a testifying expert.

SETTLEMENT

Plaintiff shall make a settlement demand by May 28, 2020. Defendants shall respond by June 26, 2020. The parties agree to make a good faith effort to settle this case. The parties understand that this case will be referred to an attorney mediator, or to the Magistrate Judge, for a settlement conference in June 2020. In order for the conference to be meaningful, the parties agree to complete all discovery that may affect their ability to evaluate this case prior to the settlement conference. The parties understand that they will be expected to comply fully with the settlement order which requires *inter alia* that settlement demands and offers be exchanged prior to the conference and that principals of the parties attend the conference.

OTHER MATTERS

As indicated, the parties have agreed to a phased discovery schedule, with discovery regarding the origin of the call underlying Plaintiff's Complaint to occur in an expedited Phase 1 (June 14, 2019 to September 13, 2019), and all other discovery to occur in Phase II.

For the Court's convenience, the parties have set forth the case schedule in the table below.

| *Deadlines* | *Dates* |
|---|---|
| Protective Order | July 12, 2019 |
| Initial Disclosures | July 19, 2019 |
| Phase 1 of Discovery | June 14, 2019 to September 13, 2019 |
| Add Parties | November 29, 2019 |
| Primary Expert Reports | April 28, 2020 |
| Rebuttal Expert Reports | June 12, 2020 |
| Close of All Discovery | July 12, 2020 |
| Plaintiff's Settlement Demand | May 28, 2020 |
| Defendant's Response to Settlement Demand | June 26, 2020 |
| Class Certification Motion | July 28, 2020 |
| Opposition to Class Certification | 45 days later |
| Reply In Support of Class Certification | 21 days later |
| Dispositive Motions | 60 days after ruling on Certification or 30 days after opt-out period expires, whichever is later. |

If the foregoing does not accurately record the parties' agreements, counsel will please immediately make their objection in writing. If any date set in this order falls on a Saturday, Sunday or legal holiday, the date is automatically deemed to be the next regular business day.

IT IS SO ORDERED.

Date: June 21, 2019 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE