UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

PHILIP CHARVAT,

    Plaintiff,                              :      Case No. 2:19-cv-1325

    -vs-                                    Judge Sarah D. Morrison
                                           Magistrate Judge Kimberly A. Jolson

LE ENERGY, LLC d/b/a UTILITY GAS
& POWER,
                                    :

    Defendant.

## **OPINION AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss the First Amended Complaint. (ECF No. 13). Plaintiff filed a Memorandum in Opposition (ECF No. 17) and Defendant filed a Reply (ECF No. 21). For the reasons set forth below, Defendant's Motion is **DENIED**.

**I.    Plaintiff's Amended Complaint**

Philip Charvat filed this class action suit against Defendant LE Energy, LLC d/b/a Utility Gas & Power for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (the "TCPA"). (Amend. Compl. ¶¶ 1–2, ECF No. 7).

In his Amended Complaint, Charvat alleges that LE Energy made a pre-recorded telemarketing call to his residential telephone number on February 5, 2019. (*Id.* ¶¶ 28–30). According to Mr. Charvat, the pre-recorded message stated:

> This is an important message. If you have paid your recent bills on time you can now have a fixed rate to avoid expensive rate increases this season. Press one to see if you can qualify for the long term savings.  Please press one now.

(*Id.* ¶ 30). Because the pre-recorded message did not identify any company, Charvat pressed "one" to speak to a live individual. (*Id.* ¶ 31). When he spoke to a live person, that person "stated

1

his company was 'Utility Gas & Power,'" Charvat avers that he "was able to identify LE Energy, which does business as Utility Gas & Power, by feigning interest in the energy savings telemarketing pitch that was made on the call." (*Id.* ¶¶ 32–35). The person with whom Charvat spoke made a telemarketing pitch and tried to sell him goods and services on the call. (*Id.* ¶¶ 32, 37).

Charvat further claims that "telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*," so he brought this action on behalf of a proposed class of other persons who received illegal telemarketing calls from LE Energy. (*Id.* ¶ 3).

## II. Discussion

### A. Standard of Review

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Directv, Inc. v.*

2

*Treesh*, 487 F.3d, 471, 476 (6th Cir. 2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 555).

### B. Analysis

The Amended Complaint alleges one claim, a violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b). The TCPA was enacted in 1991 to protect citizens and consumers from unwanted telemarketing calls so it places limitations on unsolicited calls for commercial purposes. 47 U.S.C. § 227; 47 C.F.R § 64.1200(a)(3); *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 370–71 (2012) (stating that the Act was a response to "[v]oluminous consumer complaints about abuses of telephone technology"). A TCPA plaintiff may seek to recover for each violation of the Act the greater of the monetary loss caused by the violation or $500. 47 U.S.C. § 227(b)(3). Where such violations are willful, Plaintiffs may recover up to $1,500. *Id.*

> Specific to the claims in this case, the TCPA provides:
>
> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States-- . . .
>
> to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States, or is exempted by rule or order by the Commission under paragraph (2)(B)[.]

*Id.* § 227(b)(1). Thus, to state a claim a complaint must allege a defendant (1) initiated a telephone call, (2) that used an artificial or prerecorded voice to deliver a message, (3) to a residential telephone line, (4) without the prior express consent of the recipient. *See, e.g., Seri v. Crosscountry Mortgage, Inc.*, No. 1:16-CV-1214, 2016 WL 5405257, at *2 (N.D. Ohio Sept. 28, 2106) (setting forth similar elements under another provision of the TCPA); *Reo v. Caribbean*

3

*Cruise Line, Inc.*, No. 1:14 CV 1374, 2016 WL 1109042, at *4, (N.D. Ohio Mar. 18, 2016) (same).

In the Amended Complaint, Charvat alleges that someone initiated a prerecorded call to him on his residential telephone without his consent but that the initial call did not identify the name of the initiating organization or person. (Amend. Compl. ¶¶ 30–31). He does, however, allege that after he pressed "one" as instructed by the recording, he was transferred to a live individual; that live individual told Charvat that "his company was 'Utility Gas & Power.'" (*Id.* ¶¶ 32–35). Though there may be many companies that use the terms "utilities," "gas," and "power" in their names as Defendant argues in its Reply (4, ECF No. 21), Mr. Charvat alleges that he was given a specific company name—"Utility Gas & Power"—and that name is a registered trade name of LE Energy. (*Id.* ¶ 36). As a result of what he was told after being transferred to a live operator, Charvat alleges that "LE Energy and/or its affiliates, agents, and/or other persons or entities acting on LE Energy's behalf" violated the TCPA. (*Id.* ¶¶ 52, 53).

These allegations are sufficient to raise a plausible inference that LE Energy was responsible for initiating the call to Mr. Charvat's residential line. While it is possible that the call could have been made by some other third party, Plaintiff is not required to come forward at this time with allegations or evidence conclusively proving that LE Energy made the call itself or that it can be held indirectly liable for the call. He has alleged sufficient facts from which LE Energy's direct or indirect liability may plausibly be inferred. That is all that is required at this stage of the case. *See Iqbal*, 556 U.S. at 678 (explaining that a plaintiff's claims need only be plausible, not probable at the pleading stage).

The Court specifically rejects Defendant's arguments that Mr. Charvat failed to allege vicarious liability and that, "by 'pressing one' after receiving a generic message, [it] result[ed] in

4

an outbound call . . . to an apparent inbound call center." (Mtn. Dismiss, 7–8, ECF No. 13). Both of these arguments, if adopted by the Court, would effectively eviscerate the protections afforded by the TCPA. Charvat has alleged that a call was placed to his residential telephone number and a pre-recorded message was played. (Amend. Compl. ¶¶ 28–30). The message artfully dodged identifying who had placed the call and on whose behalf the call was placed. Only when he acted as instructed by the pre-recorded message was he able to talk to a live person, who stated that he was acting on behalf of "Utility Gas & Power." (*Id*. ¶¶ 31–35). Plaintiff then claims that "LE Energy and/or its affiliates, agents, and/or other persons or entities acting on LE Energy's behalf" violated the TCPA. (*Id.* ¶¶ 52, 53).

The FCC has recognized that it is the defendant, not the plaintiff, who can reasonably be expected to know who placed the call, the relationship between the defendant and any third party, and any other related facts. *See In the Matter of Dish Network,* 28 FCC Rcd. 6574, 6592–93 (2013) (explaining that consumers may acquire evidence of relationship between telemarketer and seller through discovery if they are not independently privy to such information and that a consumer is not required to provide proof at the time it files its complaint that the seller should be held vicariously liable for the offending call). Thus, Plaintiff's allegations, taken together, suffice to entitle his claims to move forward with discovery on both issues of direct and vicarious liability.

Further, the notion that "pressing one" resulted in an outbound call from Plaintiff to an inbound call center is unavailing. If such action by a consumer transformed the nature of the call into something other than a call initiated to that individual, companies could completely avoid the prohibitions of the TCPA by leaving out any identifying information in a pre-recorded message in the initiating call and then putting the onus on the consumer to "press" a number to

5

speak with a live person.

Mr. Charvat's claims have been plead with sufficient specificity.

### III. Conclusion

Accordingly, for the reasons set forth above, Defendant's Motion to Dismiss the First Amended Complaint is **DENIED**. (ECF No. 13).

**IT IS SO ORDERED.**

> **/s/ Sarah D. Morrison**
> **SARAH D. MORRISON**
> **UNITED STATES DISTRICT JUDGE**