IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**PHILIP CHARVAT,**

      **Plaintiff,**

  v.                                  Civil Action 2:19-cv-1325
                                          Judge Sarah D. Morrison
                                          Magistrate Judge Jolson

**LE ENERGY, LLC,**

      **Defendant.**

**OPINION AND ORDER**

This matter is before the Court on Defendant's Motion for Leave to File a Limited Summary Judgment Motion and to Stay Discovery, or, Alternatively Continue the Parties' Agreed Discovery Limitation in the Interim. (Doc. 24). For the reasons that follow, the Motion is **GRANTED in part** and **DENIED in part**.

### I.    BACKGROUND

This case involves claims under the Telephone Consumer Protection Act (the "TCPA"). Plaintiff Phillip Charvat alleges that Defendant LE Energy, LLC ("LE Energy") made a pre-recorded telemarking call to his residential telephone number on February 5, 2019. (Doc. 7, ¶¶ 28–30). Plaintiff alleges that the pre-recorded message did not identify the company responsible for the call, so he pressed "one" to speak to a live individual. (*Id.*, ¶ 31). That person represented that he worked for "Utility Gas and Power," (*id.*, ¶ 35), which is a registered trade name of Defendant LE Energy. (*Id.* ¶ 36). Consequently, Plaintiff brought this action on behalf of a proposed class of other persons who also received allegedly illegal telemarking calls from LE Energy. (*Id.*, ¶ 3).

Obviously, a central issue in this case is the origin of the alleged call. Defendant maintains that Plaintiff has not been able to prove that it made the call and moved to dismiss on that basis.

(Doc. 13). In the Scheduling Order, Defendant noted that, should the Court deny its then-pending motion to dismiss, it anticipated "asking the court to permit it to file an early summary judgment motion limited to the argument that Defendant is not liable for the single telephone call underlying Plaintiff's Complaint." (Doc. 15 at 2). And, in an effort to focus discovery efforts on the origin of the call, the parties agreed to limit the first three months of discovery to only that issue. (*Id*.).

While the parties were engaging in limited discovery, the Court, on August 19, 2019, denied Defendant's Motion to Dismiss and held that Plaintiff's "allegations raise a plausible inference that LE Energy was responsible for initiating the call[.]" (Doc. 22 at 4). The Court found that, "[w]hile it is possible that the call could have been made by some other third party, Plaintiff is not required to come forward at this time with allegations or evidence conclusively proving that LE Energy made the call itself or that it can be held indirectly liable for the call." (*Id*.).

As Defendant previewed, it now seeks leave from the Court to file a limited summary judgment motion and asks to stay discovery. (Doc. 24). Defendant's Motion is fully briefed and ripe for resolution. (*See* Docs. 24, 28, 29).

## II.    DISCUSSION

The Court will first consider Defendant's request to file an early summary judgment motion before turning to its request to stay discovery.

### A. Early Summary Judgment Motion

Defendant asserts that "the parties have had ample opportunity" since this case was filed "to investigate the narrow issue of whether LE Energy placed the February 5 call." (Doc. 24-1 at 6). Notably, the parties expressly contemplated that Defendant intended to file an early summary

judgment if the Court denied its motion to dismiss. (Doc. 15 at 2). Defendant now specifically seeks leave to file this motion without prejudice to any future motions. (Doc. 24-1 at 6).

Under Rule 56(b) of the Federal Rules of Civil Procedure, a party may file a motion for summary judgment at any time until 30 days after the close of discovery. "District courts have the discretion to permit a successive motion for summary judgment." *Jacobs v. Tricam Indus., Inc.*, No. CV 10-11469, 2013 WL 12181861, at *1 (E.D. Mich. Apr. 12, 2013) (citing *Kovacevich v. Kent State Univ.*, 224 F.3d 806, 835 (6th Cir. 2000)). A party seeking to file a successive summary judgment motion must "present good reasons." *Id*. (quotation marks and citation omitted). "Good reason" might exist, for example, where "the moving party has expanded the factual record on which summary judgment is sought." *Id*. (quotation marks and citations omitted); *see also Kovacevich*, 224 F.3d at 806 (citing *Whitford v. Boglino*, 63 F.3d 527, 530 (7th Cir. 1995) ("[T]he denial of summary judgment has no *res judicata* effect, and the district court, may, in its discretion, allow a party to renew a previously denied summary judgment motion or file successive motions, particularly if good reasons exist.")). "Other good reasons are an intervening change in controlling law and a need to correct a clear error or prevent manifest injustice." *Id*. (citation omitted).

The Court cannot predict how this case will proceed and consequently, it is premature to issue a blanket order permitting Defendant to file successive summary judgment motions. Instead, Defendant may, as the parties contemplated, move for summary judgment in the near future, and, if necessary, seek leave to file a subsequent summary judgment motion. At that point, the Court will assess whether Defendant has shown "good reason" for filing another summary judgment motion.

### B. Discovery Stay

Turning to Defendant's request to stay discovery, the parties agreed to limit the first three months of discovery to the origin of the call. (Doc. 15 at 2). Those three months have now passed, and, consequently, under the terms of the Scheduling Order, discovery is now proceeding in the normal course. (*See id.*). But Defendant contends that Plaintiff "should not be permitted to engage in expansive discovery" when he cannot show that Defendant made the call in question. (Doc. 24-1 at 2).

Whether to stay discovery "is a matter ordinarily committed to the sound discretion of the trial court." *Peters v. Credit Prot. Ass'n LP*, No. 2:13-CV-767, 2014 WL 6687146, at *3 (S.D. Ohio Nov. 26, 2014) (citation omitted). In ruling on a motion to stay discovery, courts apply a balancing test, weighing "the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Id*. Relevant here, this Court routinely finds that the filing of a case-dispositive motion does not warrant staying discovery. *Blevins v. Premium Merch. Funding One, LLC*, No. 2:18-CV-00377, 2018 WL 4501068, at *1 (S.D. Ohio Sept. 20, 2018) (citing *Ohio Bell Tel. Co. v. Glob. NAPs Ohio, Inc.*, No. 2:06-CV-0549, 2008 WL 641252, at *1 (S.D. Ohio Mar. 4, 2008) (denying defendants' motion to stay discovery despite pending summary judgment motion and noting that "one argument that is usually deemed insufficient to support a stay of discovery is that a party intends to file, or has already filed, a case-dispositive motion")).

Applying the above balancing test, the Court must weigh Defendant's burden of proceeding with discovery against the hardship that a discovery stay would cause Plaintiff. *Peters*, 2014 WL 6687146, at *3. Defendant's argument primarily concerns proportionality. It asserts that it would be disproportionate to permit Plaintiff to proceed with class discovery before putting forth

evidence that Defendant made the call. (Doc. 24-1). And, Defendant believes, based on its view of Plaintiff's alleged discovery tactics, that Plaintiff is more interested in a "witch hunt" than in determining the origin of the call. (*Id.*). As for Plaintiff's potential hardship, Plaintiff contends that he needs more discovery regarding Defendant's sub vendors and a stay would be prejudicial because telecommunication companies from which he intends to seek discovery may not preserve relevant records. (Doc. 28 at 10–11).

In balancing these competing hardships, the Court finds that the scale is roughly in balance. The mere fact that Defendant plans to file a summary judgment motion does not tip the scale one way or the other, but the Court is mindful of Defendant's desire to avoid expansive class discovery at this stage of the litigation. On the other hand, Plaintiff is entitled to continue with discovery under the Scheduling Order. Indeed, under that Order, the parties agreed to limit the first three months of discovery to the origin of the call but never agreed that the Court would press pause on discovery after those three months had run. The Court is also mindful of the risk that relevant information from third parties may not be preserved.

On balance, the Court finds that the most just outcome is to allow the parties to proceed with targeted, cost-effective discovery. The parties are in the best position to assess what discovery remains and how to prioritize that discovery. Accordingly, by October 30, 2019, they are **DIRECTED** to submit a joint proposal setting forth a discovery plan for the next sixty (60) days. The proposal shall be sent to jolson_chambers@ohsd.uscourts.gov. The Undersigned will hold a telephonic status conference on January 7, 2020, at 10:00 a.m., to discuss case management going forward. The parties shall join together on one line and call the Court (614.719.3470).

5

## III. CONCLUSION

For the foregoing reasons, Defendant's Motion, (Doc. 24), is **GRANTED in part** and **DENIED in part**.

IT IS SO ORDERED.


Date: October 24, 2019                    /s/ Kimberly A. Jolson
                                          KIMBERLY A. JOLSON
                                          UNITED STATES MAGISTRATE JUDGE